6 Page(s)

FREDERICK H. SCHILL - 107058
Attorney at Law
2068 Talbert Drive, Ste. 300
Chico, CA 95928
Telephone:  (530) 891-5400
Facsimile:  (530)891-4602
Email: attyfschill@hotmail.com

Attorney for GARY LEWIS

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

In re ) Case No. 10-23083-C-7
) Motion Control No. FHS-1
ROBERT ALLEN CLARK, )
) Date: May 25, 2010
) Time: 9:30 a.m.
Debtor. ) Courtroom No. 35, 6th Floor
_____ )

### MOTION FOR APPROVAL OF
### SALE OF PROPERTY OF THE ESTATE INCLUDING
### SETTLEMENT AGREEMENT AND COMPROMISE OF CONTROVERSY

GARY LEWIS ("LEWIS"), an interested party, hereby moves this Court for an order approving the sale of property of the bankruptcy estate combined with an order authorizing the approval of a settlement agreement and compromise of controversy. The parties to the settlement agreement and the agreement for sale of assets of the estate are LEWIS and the Chapter 7 Trustee, JOHN W. REGER ("TRUSTEE"). In support of this motion, the moving party respectfully represents as follows:

### BACKGROUND INFORMATION

1. ROBERT ALLEN CLARK ("DEBTOR") filed his Chapter 7 bankruptcy petition on February 9, 2010 initiating this case. The TRUSTEE has acted as the Chapter 7 Trustee since the case was filed.

2. The DEBTOR scheduled certain personal property on Schedule B which is the subject of this motion. These items, as listed on Schedule B, are:

1

| ITEM | VALUE |
|---|---|
| 25% of LaSalsa Chico | $ 0.00 |
| 49% of LaSalsa Marysville | $ 0.00 |
| Lawsuit against Gary Lewis, Garwin Enterprises | $200,000.00 |
| Loans to LaSalsa Chico and LaSalsa Marysville, Gary Lewis | $200,000.00 |
| Accounts receivable | $ 94,339.68 |

Additionally, DEBTOR scheduled "Garwin Enterprises, Inc." as creditor No. 9 on his Schedule F list of unsecured, non-priority claims. The DEBTOR did not schedule LEWIS as a creditor nor as a co-debtor on Schedule H. The DEBTOR did disclose, in his Statement of Financial Affairs, a lawsuit involving claims and counter-claims by and between LEWIS and CLARK filed in the Butte County Superior Court as Case No. 144770.

3. LEWIS and TRUSTEE have entered into an agreement whereby LEWIS will pay to TRUSTEE the sum of $5,000.00 in exchange for all of the assets described above except that LEWIS is acquiring only those accounts receivable constituting claims against him or any entity in which he has an interest (which LEWIS either disputes or for which he possesses a right of set off against other obligations owed to him). The agreement between LEWIS and TRUSTEE is attached as Exhibit "A" to the declaration filed with this motion.

4. An expanded explanation of each of the items which are the subject of this motion follows:

A. <u>25% of LaSalsa Chico</u>.

This partnership operated a LaSalsa Mexican fast food restaurant in Chico, California. The lease for the premises was negotiated by LEWIS in July 2002 from North Valley Mall, LLC, an entity which is now in Chapter 11 bankruptcy (U. S. Bankruptcy Court, Central District of California, Case No. 8:09-BK-19346-TA). LEWIS formed Garwin Enterprises, Inc., a California corporation, to operate the restaurant. It was a 75% partner with DEBTOR being a 25% partner in the restaurant endeavor. The restaurant operated through December 2009. The partnership owes significant debts for back rent, franchise fees, a bank loan and other obligations. Its assets consist of restaurant equipment, a liquor license and the lease. LEWIS made significant loans and/or capital contributions to Garwin and/or the partnership. These loans and contributions

2

far exceed those of DEBTOR. The partnership is the subject of the litigation in the Butte County Superior Court described below.

### B. LaSalsa Marysville.

This restaurant opened in early 2008 in Marysville as a LaSalsa franchise. It immediately experienced performance problems and closed about one year later. LEWIS was a 48% partner, DEBTOR a 48% partner and MICHAEL MATIE a 4% interest. The partnership entered into a ten year lease of the restaurant site. Only a few partnership assets remain. The partnership's debts far exceed the value its such assets. The partnership is insolvent. The landlord commenced litigation against the partners. DEBTOR scheduled the landlord as creditor No. 10 on his Schedule F in the amount of $175,000. Partnership contributions by LEWIS were far in excess of those by DEBTOR. The value of each partners' partnership interest is zero.

### C. Lawsuit Against Gary Lewis, Garwin Enterprises.

This litigation was initiated by LEWIS in the Butte County Superior Court as Case No. 144770. The complaint filed October 7, 2008 seeks a partnership accounting and partnership dissolution. DEBTOR cross-complained. Trial was set for February 1, 2010 but later vacated. Proceedings are stayed by this bankruptcy case. LEWIS asserts the right to contribution from DEBTOR in the lawsuit. As stated above, LEWIS made significant partnership contributions which DEBTOR failed to match. DEBTOR cross-complained denying liability to make partnership contributions and claiming rights of offset against any such liability. LEWIS denies the allegations of DEBTOR'S cross-complaint, is prepared to defend such allegations and believes DEBTOR'S cross-complaint has no value.

### D. Loans to LaSalsa Chico and LaSalsa Marysville, Gary Lewis.

Various loans and partnership contributions were made by LEWIS and the DEBTOR to the respective partnerships, LaSalsa Chico and LaSalsa Marysville. Such advances to LaSalsa Chico are the subject of the Butte County Superior Court lawsuit described above. For both partnerships, LEWIS contributed either loans or made partnership contributions far in excess of those made by the DEBTOR. No resolution was ever made as to the characterization of any

advances made by LEWIS or the DEBTOR. The DEBTOR'S claim that he holds an asset worth $200,000 as loans to either partnership or LEWIS is incorrect. The partnerships are insolvent and the loans and partnership contributions LEWIS made result in his right to a contribution from the DEBTOR, not the other way around.

E. Accounts Receivable.

DEBTOR scheduled accounts receivable in the amount of $94,339.68. LEWIS is informed by TRUSTEE that these accounts receivable include a receivable from LEWIS somewhere between $60,000 and $70,000 for tax preparation for LEWIS or entities in which he holds an interest. That portion of the accounts receivable not related to LEWIS are being sold by the TRUSTEE to DEBTOR for the sum of $7,500 as set forth in a "Notice of Intent to Sell Equity in Assets" filed March 25, 2010. Such accounts receivables being sold to DEBTOR did not include those claimed against LEWIS. LEWIS denies owing CLARK any accounts receivable of this magnitude. As for any actual liability to DEBTOR for tax preparation, such liability is more than offset by DEBTOR'S liability to LEWIS as stated above.

## PROPOSED AGREEMENT TO PURCHASE BANKRUPTCY ESTATE ASSETS AND SETTLE CLAIMS

5. The terms of the agreement between LEWIS and TRUSTEE can be summarized as follows:

A. LEWIS shall pay TRUSTEE the sum of $5,000 upon the Court's approval of the agreement. Pending such approval, LEWIS shall deposit said sum to be held in the Client Trust Account of his counsel, FREDERICK H. SCHILL.

B. In exchange for the payment, LEWIS shall acquire all of the bankruptcy estate's interest in each and every of the assets described above. The agreement further provides for a settlement of all claims by the bankruptcy estate against LEWIS or any entity in which LEWIS holds an interest. The agreement includes a reciprocal release of all claims between the parties.

C. Each party shall bear its own attorney's fees and costs.

## AUTHORITY TO APPROVE THE COMPROMISE AGREEMENT
## AS TO EXISTING OR POTENTIAL LAWSUITS

6. The authority of the Court to approve a compromise or settlement of the existing or potential lawsuits which are part of the agreement is found in Federal Rule of Bankruptcy Procedure, Rule 9019(a). In exercising that authority, the Court must determine whether the proposed settlement is fair and equitable.

7. The Court has wide authority in making that determination but must first consider:

> A. The probability of success in the litigation;
>
> B. The difficulties, if any, to be encountered in the matter of collection;
>
> C. The complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and,
>
> D. The paramount interest of the creditors, giving proper deference to their reasonable views regarding the settlement. In re A & C Properties, 784 F.2d 1377, 1381 (9th Cir. 1986) cert. denied, sub nom. See also In re Woodson, 839 F.2d 610, 620 (9th Cir. 1988).

8. After considering these factors, the Court need only conclude that the settlement does not fall below the lowest bound of reasonableness. In re Hydronic Enterprises, Inc., 58 B.R. 363, 366 (Bkrtcy. D.R.I. 1986). The Court's decision is a discretionary one. In re A & C Properties, supra, 784 F.2d. at 1381.

## REASONS WHY THIS SETTLEMENT SHOULD BE APPROVED

9. The agreement resolves all claims between the bankruptcy estate and LEWIS. From the TRUSTEE'S perspective, it provides a cash payment on claims which LEWIS denies and which LEWIS deems to be entirely defensible. The litigation in the Butte County Superior Court has been pending for year and a half. LEWIS is confident that a netting of the liabilities between the parties would result in his right to recovery in excess of $200,000 from DEBTOR. Essentially, LEWIS is agreeing pay a nuisance value to acquire the lawsuit asset and end the litigation. The litigation assets have a value of zero.

## SALE OF OTHER ASSETS TO LEWIS

10. Sale by the TRUSTEE of property of the bankruptcy estate is governed by 11 USC 363 and Federal Rules of Bankruptcy Procedure, Rule 6004. This motion seeks approval of the sale of the assets described above to LEWIS as set forth in the parties' agreement. Such parties deem the price to be fair and equitable, considering all circumstances of such assets. The notice accompanying this motion advises interested parties of the right to file objections and advises interested parties and any other parties of the right to bid on such assets at the hearing on this motion. Any such bid shall be in increments of a minimum of $1,000 exceeding any prior bid. The notice sets forth the particulars regarding the requirements to be a bidder at the hearing.

## BEST INTEREST OF THE BANKRUPTCY ESTATE

11. LEWIS alleges that the sale of assets to him by TRUSTEE is in the best interest of the BANKRUPTCY estate. LEWIS believes that the assets, including the DEBTOR'S partnership interest in each partnership, have no value. Further, LEWIS believes he can easily defend any of the claims by DEBTOR against him or any entity in which he has an interest and that any liability on any accounts receivable would be more than offset by his claims against the DEBTOR. For these reasons, this sale is in the best interest of the bankruptcy estate.

**WHEREFORE**, the moving party requests entry of an order approving the settlement agreement, authorizing compromise as set forth in the agreement and approving the sale of property of the bankruptcy estate as set forth in the agreement, the hearing for which will include an opportunity for overbids.

Dated: April 27, 2010

FREDERICK H. SCHILL
Attorney for GARY LEWIS